PER CURIAM.
The Florida Bar has filed a petition requesting certain amendments in the Rules Regulating The Florida Bar. Because of exigent circumstances, the Court waived the prepublication requirement upon the understanding that the text of the proposed amendments would be published in the subsequent Florida Bar News, thereby giving time for persons to file objections. The publication of the proposed amendments was accomplished,* and no objections were filed.
The amendments sought in this petition pertain to two areas of the rules: (a) presidential election reform, and (b) creation of the Out-of-State Practitioners Division.
PRESIDENTIAL ELECTION REFORM AMENDMENTS
Amendments to bylaws 2-4.5 and 2-4.6 relate to reformation of the process by which a person seeks nomination and election to the office of president-elect. The reforms are designed to halt the escalating cost, in time and money, of seeking that office, thereby providing the opportunity to a larger segment of the bar.
BYLAW 2-4.5 NOMINATIONS FOR PRESIDENT-ELECT
The current bylaw (2-4.5) provides no limit on the time at which a candidate may announce intention to seek that office, no limit on the time a candidate may file nominating petitions (other than a December 1 deadline) and no limit on the time period in which a campaign for election to that office *793 may be conducted. The bar has adopted standing policies that prohibit campaigning before April 15 and the filing of nominating petitions before May 1. However, the bar’s policies are effectively recommendations or conditions upon which bar aid to candidates may be provided.
The bar wishes to adopt, in bylaw form, the concepts of those policies and thereby proposes these amendments.
BYLAW 2-4.6 ELECTION OF PRESIDENT-ELECT
Amendments to bylaw 2-4.6 establish a balloting period and procedure for election of the president-elect. The current bylaw provides a period and procedure that is the same for the election of board members. The time limits proposed in the amendment to bylaw 2-4.5 necessitate the creation of a separate balloting procedure for election of the president-elect.
AMENDMENTS CREATING THE OUT-OF-STATE PRACTITIONERS DIVISION
Current bylaws create the Young Lawyers Division and do not provide authority for the creation of other divisions. The board of governors wishes to create the Out-of-State Practitioners Division and wishes to establish authority to create other divisions of the bar, should the need arise. To accomplish this, amendment to 2-7. SECTIONS (bylaws 2-7.1 through 2-7.5) is proposed.
BYLAW 2-7.1 RULES APPLICABLE TO SECTIONS
This amendment provides that the Rules Regulating The Florida Bar are applicable to divisions of the bar and that the bylaws of the divisions, as approved by the bar, govern actions of the divisions.
BYLAW 2-7.2 DUTIES
This amendment specifies the duties of divisions of the bar and the requirement of cooperation with and supervision by the board of governors.
BYLAW 2-7.3 CREATION OF SECTIONS
This amendment provides authority for creation of divisions and provides the list of established divisions (Out-of-State Practitioners Division and Young Lawyers Division).
BYLAW 2-7.4 PROCEDURE FOR CREATION OF SECTIONS
This amendment specifies the manner in which persons seeking creation of a division must proceed.
BYLAW 2-7.5 LEGISLATIVE ACTION OF SECTIONS
By this amendment, the authority to engage in and limitations on section legislative actions are made applicable to divisions of the bar.
Upon consideration, we approve the proposed amendments, copies of which are attached hereto. The amendments shall become effective upon the filing of this opinion. No petition for rehearing shall be permitted.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.
APPENDIX
BYLAW 2-4.5 NOMINATIONS FOR PRESIDENT-ELECT
(a) Nominations. Any member of The Florida Bar in good standing may be nominated as a candidate for president-elect by petition signed by not fewer than ©sel percent of the members of The Florida Bar in good standing. Such nominating petitions shall be filed with the executive director at the headquarters office on or after May 15 and on or before 5:00 p.m., December 1 prior — to June 15 of the year of in which the election is to be held. Nominees shall endorse their written acceptance upon such petition. No member shall sign more than one nominating petition, but signers-need not reside in the same judicial circuit as- the candidate, In the event that no member of The Florida Bar in good standing shall be nominated by petition-in accordance with the foregoing? the board of governors shall thereafter nominate at *794 least onel candidate for the office of president-elect.
No mailings or solicitations shall be made prior to April 15 for the purpose of seeking support for the nomination of a candidate to the office of president-elect.
(b) Campaigns. Campaigns for the office of president-elect may be conducted only in the same year in which the election is to be held and electioneering or campaign activities may not commence until April 15 and shall end on November 21. In the event of a runoff election, such activities may continue until December 21.
The board of governors of The Florida Bar is hereby authorized to adopt standing policies that govern the conduct of candidates, which shall include creation of a committee to oversee the conduct of such candidates and promulgation of sanctions for failure to comply with these rules or the policies adopted by authority hereof.
BYLAW 2-4.6 ELECTION OF PRESIDENT-ELECT
The members of The Florida Bar in good standing shall elect annually a president-elect, who shall become president at the conclusion of the annual meeting following bis the term as president-elect. Such ballots cast-at such election shall be marked and returned by the voting members and thereafter canvassed and the results-certified as provided by rule 2-3.6. — The names of all candidates nominated-for president-elect, either by petition or by the board of governors, shall be-listed-alphabeticaily-on the official ballot, -The candidate receiving a majority of the votes cast shall be elect-e4 — If no candidate receives a majority, then a further ballot shall be mailed-listing only the two (2) candidates receiving the highest number of votes cast, — The procedure, time, canvassing, and-certification of results in-connection with the election- of a president-elect shall be in accordance with the provision of this chapter-governing the election of-members of the board of governors, except that the election shall be by the entire membership.
Only those members who are members in good standing as of October 15 are eligible to vote in the initial election. If a runoff election is necessary, only those members who are members in good standing as of November 15 are eligible to vote in the runoff election.
Ballots for election of president-elect shall be mailed on November 1 to each member of The Florida Bar. Ballots shall be mailed to the member’s record bar address. The names of the candidates for the office of president-elect shall be printed on the ballot in alphabetical order. Only those ballots received by The Florida Bar or its representative prior to midnight November 21 shall be counted.
Immediately after November 21, the executive director and the clerk of the Supreme Court of Florida shall canvass and tabulate the ballots received prior to midnight November 21 and shall certify the results of the election. The candidate who receives the majority of the votes cast shall be declared elected.
In the event no candidate receives a majority of the votes cast, a runoff election between the 2 candidates receiving the highest number of votes shall be held. Ballots for the runoff election shall be mailed on December 1 to each eligible member of The Florida Bar. The runoff ballots shall be mailed to the member’s record bar address. The names of the runoff candidates shall be printed on the ballot in alphabetical order. Only ballots received by The Florida Bar or its representative prior to midnight December 21 shall be counted.
Immediately after December 21, the executive director and the clerk of the Supreme Court of Florida shall canvass and tabulate the ballots received prior to midnight December 21 and certify the results. The runoff candidate receiving a majority of the votes cast shall be declared elected.
The executive director shall furnish the results of the election to the officers and members of the board of governors of The Florida Bar, as well as the candidates and, upon request, to any other interested person.
*795 2-7. SECTIONS AND DIVISIONS
BYLAW 2-7.1 RULES APPLICABLE TO SECTIONS AND DIVISIONS
AH sections and divisions are governed by the provisions of the Rules Regulating The Florida Bar, this chapter, and the bylaws of the sections and divisions as approved by the board of governors and have the scope, powers, duties, and functions expressed in those documents.
BYLAW 2-7.2 DUTIES
It is the duty of each section and division, as an integral part of The Florida Bar, to work in cooperation with the board of governors and under its supervision toward accomplishment of the aims and purposes of The Florida Bar and of that section or division.
BYLAW 2-7.3 CREATION OF SECTIONS AND DIVISIONS
Sections and divisions may be created or abolished by the board of governors as deemed necessary or desirable. The following sections of The Florida Bar have been created by the board of governors:
(a) Administrative Law Section;
(b) Business Law Section;
(c) Criminal Law Section;
(d) Elder Law Section;
(4e) Entertainment, Arts and Sports Law Section;
(ef) Environmental and Land Use Law Section;
(fg) Family Law Section;
(gh) General Practice Section;
(i) Government Lawyers Section;
(hj) Health Law Section;
(ik) International Law Section;
(¿1) Labor and Employment Law Section;
(km) Local Government Law Section;
(In) Practice Management and Technology Section;
(mo) Public Interest Law Section;
(np) Real Property, Probate and Trust Law Section;
(eg) Tax Section;
(pr) Trial Lawyers Section;
(qs) Workers’ Compensation Section.
The following divisions of The Florida Bar have been created by the board of governors:
(a) Out-of-State Practitioners Division;
(b) Young Lawyers Division.
BYLAW 2-7.4 PROCEDURE FOR CREATION OF SECTIONS AND DIVISIONS
Those seeking approval of the board of governors to establish a section or division shall prepare and submit proposed bylaws for approval by the board of governors. They shall also inform the board of governors of the justification for establishing the section or division, the proposed dues, proposed budgeting, and proposed function and program of the section or division.
BYLAW 2-7.5 LEGISLATIVE ACTION OF SECTIONS AND DIVISIONS
(a) Limits of Legislative Involvement. Sections and divisions may be involved in legislation that is significant to the judiciary, the administration of justice, or the fundamental legal rights of the public or interests of the section or division or its programs and functions.
(b) Procedure to Determine Legislative Policy. Sections and divisions shall be required to adopt and follow | reasonable procedure, approved by the board of governors, for determination of legislative policy on any legislation.
(c) Notice to Executive Director. Sections and divisions shall notify the executive director immediately of determination of any section or division action regarding legislation.
(d) Identification of Action. Any legislative action taken by a section or division shall be clearly identified as the action of the section or division and not that of The Florida Bar.

 By supplemental petition, the bar requested to further amend the proposed amendment to bylaw 2-4.6 by adding a paragraph setting forth the dates that members were required to be in good standing in order to vote. Because this additional paragraph was consistent with what was to be accomplished by the original amendment, the Court waived the necessity of publishing that paragraph.